Merrimack,
No. 5292.

### Bernard H. Porter

*v.*

### Benjamin Adams, *Comm'r, Dept. of Employment Security & a.*

Argued January 5, 1965.
Decided April 30, 1965.

*Bernard H. Porter* (by brief) pro se.

*Austin H. Welch,* pro se, filed no brief.

*James M. Riley, Jr.* and *Edward F. Smith* (*Mr. Smith* orally), for the Department of Employment Security.

PER CURIAM. The plaintiff's claim is based upon his employment in the fall of 1961 by the College of Advanced Science at Canaan, New Hampshire. The proceedings originated with a hearing in Florida, under the provisions of an interstate compact with that state. Although the plaintiff resided there when the claim was made, he removed to New Jersey before the hearing date and failed to appear. On May 9, 1962 his claim was denied by the certifying officer because he had no "annual earnings." On June 5, 1962, the claim was redetermined, and again denied by the officer for lack of sufficient wage credits in two calendar quarters within the base period. RSA 282:2(B) (supp) and 3(D) (supp).

From this determination the plaintiff appealed, and a hearing was held at Claremont, New Hampshire on July 18, 1962 before an appeal tribunal. While the plaintiff did not appear at this hearing, his contentions as set forth by letter and affidavit were before the tribunal. The tribunal found that he had "$64.00 in earnings during the third quarter [of 1961] and $820.00 in earnings during the fourth quarter of 1961." It further found: "An audit of the employer's wage records showed these earnings

as reported to be correct and the claimant, not having sufficient earnings in more than one quarter, does not meet the wage requirement of the Statute and is ineligible for benefits." Consequently, the redetermination of June 5, 1962 was affirmed by the tribunal.

The plaintiff has consistently maintained that the wages paid to him in the fourth quarter of the calendar year 1961 included a bonus, part of which was for work performed in the third quarter of the year, and that by reason of other earnings, and allowances made in kind in the form of transportation, board and room for himself and his wife, books, and supplies, his wages for the third quarter exceeded the required amount of $100. See Dept. Rule No. 1.

A careful review of the records of the administrative proceedings shows that the decision of the appeal tribunal was warranted by the evidence before it. The issue was one of fact. *Hewett* v. *Riley*, 94 N. H. 460. The facts as set forth in the plaintiff's affidavits differed from the facts as determined by an audit of the employer's records. The tribunal could reasonably find that the plaintiff was not entitled to the credits which he claimed for the third quarter. Since the tribunal did so find, its decision that the plaintiff was ineligible for benefits followed as a matter of law. *Hewett* v. *Riley, supra.* See also, *Hallahan* v. *Riley*, 94 N. H. 48.

The evidence before the Superior Court, which consisted primarily of the administrative record (RSA 282:5(G) (3) (supp)), differed in no material regard from that considered by the appeal tribunal. It cannot be said that the Court erred as a matter of law in dismissing the appeal.

Other matters alluded to by the plaintiff's brief are extraneous to the issues presented by his appeal and require no consideration here.

*Appeal dismissed.*